HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURO AGUILAR-CANCHE,

    Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

Case No. C10-5100RBL
(CR06-5351RBL
& CR08-0130RBL)

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On October 19, 2005, the defendant was indicted in the U.S. District Court for the District of Nebraska and charged with one count of possession with the intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). A superseding indictment was returned on October 18, 2006, containing more specific allegations regarding the amount of "actual" methamphetamine. The defendant was released on bond and was supervised by United States Pretrial Services in this District.

On June 14, 2006, the defendant was indicted in this District along with ten others and charged

ORDER
Page - 1

with conspiracy to distribute methamphetamine, cocaine and heroin, and with possession of methamphetamine and cocaine with intent to distribute. The indictment resulted from a long-term investigation involving court-authorized wiretaps and various other means of surveillance. The defendant was arrested at his residence in Kalama, Washington during the execution of a federal search warrant. When arrested he was wearing the ankle bracelet he was ordered to wear as part of his conditions of release in the Nebraska case. Found in the residence was 212.4 net grams of a mixture and substance containing methamphetamine (57.48 grams pure methamphetamine), 123.7 net grams of cocaine, a digital scale, and $3,178 in U.S. currency.

On February 14, 2007, the parties participated in a settlement conference before the Honorable Ricardo S. Martinez, United States District Court Judge. As a result of the settlement conference, the defendant agreed to plead guilty to both this case and the Nebraska case, provided the Nebraska case could be transferred here. For reasons that are not entirely clear, the transfer of the Nebraska case to this Court took over a year; however, once the transfer was completed, the defendant ultimately pleaded guilty to one count of possession with intent to distribute methamphetamine in the Washington case and one count of possession with intent to distribute methamphetamine and cocaine in the Nebraska case.

The defendant was sentenced on both cases on September 11, 2008. Defendant's guidelines range was calculated by grouping both offenses together and aggregating the total quantity of drugs. The total offense level was determined to be 33 with a criminal history category of I resulting in an advisory guideline range of 135-168 months. The Court determined that the defendant was not safety valve eligible and sentenced the defendant to 120 months on the Nebraska case and 60 months on the Washington case, to run consecutively, for a total sentence of 180 months in custody. The sentence was upheld on appeal. *United States v. Aguilar-Canche,* 362 Fed. Appx. 618 (9th Cir. 2010).

The defendant brings the instant motion alleging that Judge Martinez improperly pressured him into pleading guilty, and that he received the ineffective assistance of counsel because his attorney misrepresented his probable sentence, failed to help him resist Judge Martinez' pressure, and counseled him to transfer his Nebraska case to this Court. An evidentiary hearing is not required to decide this motion.

## II. DISCUSSION

**A.    Defendant's Claim That He Was Pressured Into Pleading Guilty.**

Defendant alleges that Judge Martinez improperly pressured him into pleading guilty. Notwithstanding the incredible nature of the claim, the record reflects that the defendant entered his guilty plea over fourteen months after the settlement conference. He thus had ample time to consider his options and discuss them with both his Washington and Nebraska counsel. Furthermore, in the plea agreements in both cases, which he signed, he admitted that he entered into them "freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter this plea of guilty." And, Judge Donohue, who took the pleas, recommended that this Court accept them because they were entered voluntarily.

In his reply brief, the defendant argues that the very fact that a judge participated in the settlement process proves that his plea was not voluntary. Defendant is mistaken. All that the rules and caselaw prevent is the trial or sentencing judge from participating in settlement negotiations, and this Court's Local Rules explicitly provide for the procedure that occurred here. *See* CrR 17.2, Local Rules W.D. Wash. Defendant's claim that he was pressured into pleading guilty by Judge Martinez is **DENIED.**

**B.    Defendant's Claims of Ineffective Assistance of Counsel.**

The defendant alleges that he received the ineffective assistance of counsel because his attorney misrepresented his probable sentence, failed to help him resist Judge Martinez' pressure, and counseled him to transfer his Nebraska case to this Court.

**1.    Standard of Review.**

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that his counsel's performance was inadequate and that inadequate performance prejudiced the defendant. In order to demonstrate inadequate performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*., at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that a counsel's conduct falls within the

wide range of reasonable professional assistance." *Id*., at 689.  In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## 2. **Defendant's Counsel was not Ineffective.**

The defendant alleges that his lawyer told him that it was "likely" that he would be sentenced to seven years, or even "likely" that he would be sentenced to only five years on both the Washington and Nebraska case.  He argues that he received ineffective assistance based on this erroneous prediction.  An erroneous prediction of the sentence a defendant will receive does not equate to ineffective assistance of counsel unless it is a "gross mischaracterization of the likely outcome of the case." *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).  Even it it was, the defendant suffered no prejudice here because his plea agreements specifically provided that the Court could sentence below, within, or above the guidelines range. *Id*.  And, in the plea agreements the defendant specifically acknowledged that "no one has promised or guaranteed what sentence the Court will impose." *See, e.g.*, CR06-5351RBL, Dkt. #351.  This claim fails.

Defendant claims that his counsel was ineffective in failing to prevent Judge Martinez from coercing him into pleading guilty.  For the reasons his claim that Judge Martinez coerced him fails, this claim also fails.

Finally, defendant claims that his attorney was ineffective in convincing him to transfer his Nebraska case to this District thereby abandoning his Nebraska suppression motion.  As a general rule, a guilty plea bars a subsequent challenge to pre-plea constitutional violations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  This includes ineffective assistance of counsel claims based on the alleged failure to move to suppress evidence. *Moran v. Godinez*, 57 F.3d 690, 670 (9th Cir. 1994), overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003).  Therefore, defendant's claim of ineffective assistance based on the transfer of his Nebraska case and consequent abandonment of his suppression motion is barred by his guilty plea.

Based upon the foregoing, Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Court declines to issue a certificate of appealability because the defendant has failed to make

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 15th day of October, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE